**SHRI RAM CHANDRA MISSION,**
**Plaintiff,**

v.

**SAHAJMARG.ORG, Defendant.**

**No. CivA 01–407–A.**

United States District Court,
E.D. Virginia,
Alexandria Division.

April 11, 2001.

Amy E.B. Adams, Jenkens & Gilchrist, Washington, DC, for Shri Ram Chandra Mission, plaintiff.

Sahajmarg.org, Umesh Chandra, Authorized representative and Admin., Shri Ram Chandra Mission, Shahjahanpur, India, defendant pro se.

## MEMORANDUM OPINION

HILTON, Chief Judge.

This matter comes before the Court on Plaintiff's motion for an order affirming service and setting a deadline for the filing of a responsive pleading and Plaintiff's motion for continuation of deposit of the domain name registrar certificate for <sahajmarg.org>.

Plaintiff has brought an *in rem* action pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d). For purposes of this action, the *res* is an Internet domain name that was registered with Network Solutions, Inc.,[1] which is located within this district. According to the complaint, an entity in India registered the domain name <sahajmarg.org> with NSI. Plaintiff alleges that it had earlier registered "SAHAJ MARG" as a trademark and servicemark with the U.S.Patent and Trademark Office. The registration of the domain name <sahajmarg.org> is alleged to have been made in bad faith and with the intent to profit from Plaintiff's marks.

Plaintiff had originally brought suit *in personam* against the alleged registrant of the domain name. *See Shri Ram Chandra Mission v. Shri Umesh Chandra Saxena*, Civil Action No. 00–604–A (E .D.Va.). The registrant and its president were dismissed from the action because of lack of

personal jurisdiction. *See Shri Ram Chandra Mission v. Shri Umesh Chandra Saxena*, Civil Action No. 00–604–A (E.D.Va. Mar. 19, 2001) (order dismissing defendants). Plaintiff then filed this suit *in rem* against the domain name in question seeking, as its desired remedy, the transfer of the domain name from the current registrant to the Plaintiff.

The purpose of the Anticybersquatting Consumer Protection Act is to provide trademark owners a remedy for "cybersquatting," the "bad-faith and abusive registration of distinctive marks as Internet domain names with the intent to profit from the goodwill associated with such marks." S.Rep. No. 106–140 (1999) (Senate Judiciary Committee report on the Act). As the Conference Committee's report notes:

> [A] significant problem faced by trademark owners in the fight against cybersquatting is the fact that many cybersquatters register domain names under aliases or otherwise provide false information in their registration applications in order to avoid identification and service of process by the mark owner.

H.R.Conf.Rep. No. 106–464 (1999). Thus, the Act provides that one who believes that his rights under the Act have been violated can bring suit against the alleged cybersquatter *in personam* or, in limited circumstances, can proceed against the domain name itself *in rem*. *Compare* 15 U.S.C. § 1125(d)(1) *with id.* § 1125(d)(2). If he brings suit *in rem*, his remedy is limited to a court order for the forfeiture or cancellation of the domain name, or the transfer of the domain name to the owner

---

1. Although an Internet domain name is not a tangible "thing," it is nevertheless a *"res "* for purposes of the Act. The Act states, "The owner of a mark may file an in rem civil action against a domain name." 15 U.S.C. § 1125(d)(2)(A). An *in rem* action can by definition only be brought against a *res*. Therefore, for purposes of the Act, an Internet domain name is a *res*. *See also Lucent Technologies, Inc. v. Lucentsucks.Com*, 95 F .Supp.2d 528, 535 (E.D.Va.2000).

of the infringed mark. *See id.* § 1125(d)(2)(D). In contrast, an *in personam* action can yield damages in addition to the aforementioned remedies provided for in *in rem* actions.

The Act provides that the owner of a mark may bring an *in rem* action against a domain name that itself violates a federal trademark by filing suit in the judicial district in which the domain name registrar that registered or assigned the domain name is located—in this case, Network Solutions in Herndon, Virginia. *See id.* § 1125(d)(2)(A). For an *in rem* action to proceed, the court must find that the owner of the mark is not able to obtain *in personam* jurisdiction over the would-be defendant (as this Court did in its order dismissing the prior civil action concerning the <sahajmarg.org> domain name) or through due diligence is not able to find a person who would have been a defendant in an *in personam* action (as Plaintiff also appears to be claiming here). *See id.* § 1125(d)(2)(A)(ii).

At issue in one of the Plaintiff's motions is the notice aspect of an *in rem* action brought pursuant to the Act. The Act requires an affirmative finding by the district court that the mark owner was not able to obtain personal jurisdiction or was not able to locate a would-be defendant by:

(aa) sending a notice of the alleged violation and intent to proceed under this paragraph to the registrant of the domain name at the postal and e-mail address provided by the registrant to the registrar; and

(bb) publishing notice of the action as the court may direct promptly after filing the action.

*Id.* § 1125(d)(2)(A)(ii)(II). This notice provision—in combination with the aforementioned provision requiring a district court to find that the mark owner was not able to obtain personal jurisdiction or locate a would-be defendant—constitutes service of process.[2] *See id.* § 1125(d)(2)(B). Plaintiff has represented to the Court that it has complied with section (aa) of the above-quoted portion of the Act and has provided documentary evidence of the same. That is, Plaintiff has sent a notice of the alleged violation and intent to proceed under the Act to the registrant at its postal and e-mail addresses. Plaintiff stated that, if necessary, it stands ready to publish notice of the action as the Court sees fit.

There is a preliminary issue as to whether publication is in fact required by the Act. In *Banco Inverlat, S.A. v. www.inverlat.com*, 112 F.Supp.2d 521 (E.D.Va.2000), the Court held that publication is not mandatory under the "plain terms" of the statute. The Court held that the statute grants discretion to a district court not only in the manner in which publication is to be effected but also in whether publication must be effected at all.[3] *See id.* at 521; *see also Harrods Ltd. v. Sixty Internet Domain Names*, 110 F.Supp.2d 420, 422 (E.D.Va.2000) (noting previous order waiving publication requirement).

■■■ Any analysis of statutory construction must begin with a plain reading of the statute itself. If the letter of the law is unambiguous, the inquiry ends and the plain meaning of the statute controls. *See Chris v. Tenet*, 221 F.3d 648, 651–52 (4th Cir.2000). This Court finds that the statute is unambiguous and clear, but finds

---

**2.** Although the statute is not entirely clear, it appears that subparagraphs (aa) and (bb) apply to both bases for *in rem* jurisdiction: lack of personal jurisdiction or inability to find a suitable defendant.

**3.** *Banco Inverlat* can be distinguished from the facts of the present case on the basis of actual notice. In that case, the registrant had actual notice of the *in rem* action.

the statute requires publication. A would-be plaintiff in an *in rem* action must send a notice by postal mail and e-mail *and* must publish "notice of the action as the court may direct promptly after filing the action." 15 U.S.C. § 1125(d)(2)(A)(ii)(II)(bb). The discretion afforded by the statute to a district court is merely over the manner in which notice may be published (e.g., where notice is published, how often, etc.). The use of the word "and" between paragraphs (aa) and (bb) makes paragraph (bb) mandatory. Had Congress intended to make publication permissive and not mandatory, it would have done so. The phrase "may direct" is preceded by the word "as." This modifies the verb "publishing" to mean "in the manner directed by the Court." Had Congress intended to make (bb) permissive, it could have wrote something like, "(aa) ... provided by the registrant to the registrar; and ... (bb) publishing notice of the action if the court so directs."

■ The Court therefore finds that it has no discretion with regard to whether or not to order publication. This Court is bound to apply the law as written by the Congress and signed by the President. Accordingly, publication will be ordered. At the Court's request, counsel for the Plaintiff has submitted a proposed publication order which the Court will adopt in modified form in the order accompanying this memorandum opinion.

Plaintiff's second motion asks the Court to order the Clerk of Court to continue the deposit of the domain name in question in the registry of the Court. Such an order is unnecessary because the registration certificate for the <sahajmarg.org> domain name is already in the Court's registry by virtue of the prior *in personam* case. By virtue of the Court's order in that case, it cannot be released without a new order doing so. Therefore, Plaintiff's motion is superfluous.

An appropriate order shall issue.

## *ORDER*

This matter comes before the Court on Plaintiff's motion for an order affirming service and setting a deadline for the filing of a responsive pleading and Plaintiff's motion for continuation of deposit of domain name registrar certificate. For the reasons stated in the accompanying memorandum opinion, it is hereby,

ORDERED that Plaintiff's motion for an order affirming service is GRANTED, and Plaintiff's motion for continuation of deposit of domain name registrar certificate is DENIED.

It is FURTHER ORDERED that Plaintiff shall publish notice of this lawsuit in *India Abroad, India Abroad* online, and the *Washington Post* —each at least once in the next two weeks.

It is FURTHER ORDERED that if the Registrant does not appear or plead within thirty (30) days of the date of publication, the Court will proceed with the above-entitled *in rem* action as if the Registrant had been served with process in accordance with 15 U.S.C. § 1125(d).